UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS TANNER, | ) | No. SA CV 08-00338-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge.  The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.  The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.   Whether  the  Administrative  Law  Judge  ("ALJ")  properly

considered the consultative psychiatrist's evaluation ("CE");

2.   Whether the ALJ properly considered the severity of Plaintiff's mental impairment;

3.   Whether the ALJ properly explained why Plaintiff's impairments did not meet or equal a Listing; and

4.   Whether the ALJ posed a complete hypothetical question to the vocational expert.

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.


**I**

**THE ALJ PROPERLY CONSIDERED THE**

**CONSULTATIVE PSYCHIATRIST'S EVALUATION**

On August 7, 2004, at the request of the Department of Social Services, Plaintiff received a complete psychiatric CE from Dr. Parikh. (AR 145-151.)  Dr. Parikh's conclusions are primarily set forth in that part of his report under the heading "Assessment." (AR 150.)  As set forth therein, Dr. Parikh assessed the following:

"At this time, from a psychiatric standpoint, [Plaintiff] might have some impairment in the ability to reason and make social, occupational, and personal adjustments.

From a psychiatric standpoint, [Plaintiff] is able to understand, carryout [sic], and remember simple instructions. [Plaintiff] can follow complex instructions. [Plaintiff] could not interact appropriately with coworkers

2

1   because of his paranoia.   [Plaintiff] should be able to

2   respond appropriately to the usual work settings in such

3   matters as attendance and would not have a hard time

4   adjusting to changes in the work routine."

5   (Id.)

6

7       Plaintiff's assessment of error is that the ALJ essentially

8   disregarded these relevant portions of Dr. Parikh's evaluation. (JS at

9   3, citing AR 17.)   In particular, Plaintiff believes the ALJ erred by

10  failing to mention his impaired ability to reason and make social,

11  occupational and personal adjustments, or his inability in interact

12  appropriately with coworkers because of his paranoia.

13      The ALJ functional assessment was that Plaintiff "has adequate

14  memory, understanding and concentration to perform simple repetitive

15  tasks with minimal contact with supervisors and the public." (AR 23.)

16      The ALJ's analysis, in fact, does incorporate Dr. Parikh's

17  findings. Dr. Parikh's limitations on Plaintiff's ability to interact

18  appropriately with coworkers because of his paranoia were incorporated

19  into the ALJ's residual functional capacity ("RFC") assessment that

20  Plaintiff may have only minimal contact with supervisors and the

21  public.  Similarly, Dr. Parikh's statement that Plaintiff should be

22  able to respond appropriately to the usual work settings regarding

23  attendance and that he would not have a hard time adjusting to changes

24  in the work routine is also incorporated in the ALJ's mental RFC

25  findings. (Id.)

26      Finally (although the Court will discuss the particular

27  ramifications of this issue later), the ALJ posed a hypothetical

28  question to the vocational expert ("VE") which was consistent with the

3

1 | opinion of Dr. Parikh. (Ar 773-774.)  In particular, the ALJ indicated
2 | a hypothetical individual who would have only brief, superficial
3 | contacts with coworkers, supervisors and the public. (Id.)

4 | Essentially, the Court fails to understand Plaintiff's argument
5 | that the ALJ did not account for Dr. Parikh's findings, in that the
6 | exact opposite would appear to be true.  For that reason, Plaintiff's
7 | first issue has no merit.

9 | **II**

10 | **THE ALJ PROPERLY CONSIDERED THE SEVERITY**

11 | **OF PLAINTIFF'S MENTAL IMPAIRMENT**

12 | When Plaintiff was incarcerated in the California Department of
13 | Corrections ("CDC"), he was evaluated by Dr. Ebrahim, a psychiatrist
14 | with CDC.  This occurred on May 5, 2005. (AR 552.)  As Plaintiff
15 | acknowledges, Dr. Ebrahim noted that he was not compliant with his
16 | medication and had therefore deteriorated. (JS at 7, AR 552.)
17 | Plaintiff complains that the ALJ failed to account for Dr. Ebrahim's
18 | findings, although the ALJ clearly did refer to Dr. Ebrahim's report,
19 | noting that Plaintiff had exhibited paranoia and agitation because he
20 | had not been taking his medication. (AR 19.)

21 | Again, the Court fails to appreciate Plaintiff's concern that the
22 | ALJ failed to properly evaluate Dr. Ebrahim's treatment note.  The
23 | opposite is true.  The ALJ correctly summarized Dr. Ebrahim's
24 | conclusion that Plaintiff had deteriorated mentally because he was not
25 | at that time compliant with his medications.  Prior to May 5, 2005,
26 | CDC notes indicate that Plaintiff's mental condition had improved, and
27 | that he was stable on medications. (AR 652, 669, 711, 715, 717.)
28 | There is nothing in Dr. Ebrahim's conclusion in this one treatment

1  note that constitutes an opinion that Plaintiff had a disabling

2  condition for the requisite 12-month period. (<u>See</u> 20 C.F.R. §416.909

3  (2008).)

4      For the above reasons, Plaintiff's second issue has no merit.


6                              **III**

7      **THE ALJ PROPERLY DETERMINED THAT PLAINTIFF'S IMPAIRMENTS**

8              **DID NOT MEET OR EQUAL A LISTING**

9      In his decision, the ALJ made certain determinations as to

10  Plaintiff's severe impairments. (AR 23, Finding 2.)  The ALJ also

11  found that these medically determinable severe impairments do not meet

12  or medically equal one of the Listing of impairments set forth in

13  Appendix I, subpart P, Regulation 4. (<u>Id</u>., Finding 3.)  Plaintiff

14  complains that this is error, because the ALJ failed to offer any

15  analysis as to why Plaintiff's severe impairments do not meet or equal

16  a listed impairment.  Plaintiff cites <u>Marcia v. Sullivan</u>, 900 F.2d 172

17  (9th Cir. 1990) in support of his proposition that the ALJ must review

18  the medical evidence in comparison with the requirements of applicable

19  Listings.  Plaintiff has failed to identify any Listing which he

20  believes is applicable here, as to whether he assertedly meets or

21  equals such a Listing.

22      Social Security Regulations establish a five-step sequential

23  process to determine whether a claimant is disabled within the meaning

24  of the Social Security Act.  <u>See</u> 20 C.F.R. §404.1520.  It is

25  undisputed that the burden of proof is on the claimant at Steps One to

26  Four, while at Step Five, the burden shifts to the Commissioner.  <u>See</u>,

27  <u>Id</u>, and <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).  The

28  second step in the sequential evaluation process is a determination of

1   whether a claimant has severe impairments, and at the third step, it
2   must be determined whether a claimant meets or equals one of the
3   listed impairments set forth in the regulations. (Id.)

4       Placing the burden of proof on a claimant at Step Three of the
5   sequential evaluation process has ramifications which undermine
6   Plaintiff's argument in this case.   This very issue was recently
7   discussed in a case from the Northern District of California, Linsky
8   v. Astrue, 2008 WL 2128143 (N.D. Cal. 2008).   The extensive discussion
9   of this issue by Judge Illston bears repeating.   In her Opinion, she
10  states the following:

11          "It is the claimant who has the burden of proving that
12      her impairment or combination of impairments meets or equals
13      the listing. See 20 C.F.R. §404.1520(a)(4)(iii). To meet a
14      listed impairment, plaintiff has the burden of showing that
15      she meets each and every element described in the listing.
16      See 20 C.F.R. §404.1525(d); Sullivan v. Zebley, 493 U.S.
17      521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). Plaintiff
18      twice failed to meet this burden. In her original complaint
19      and in her opposition to defendant's cross motion for
20      summary judgment, plaintiff simply lists her impairments and
21      refers to Dr. Kim's opinion in the hope that this Court will
22      fill in the gaps as to how her impairments meet the listing.
23      Plaintiff does not list the requirements of the 12.04
24      listing or explain how the ALJ erred. Arguing that she met
25      this burden by way of Dr. Kim through an implied opinion is
26      simply unreasonable. Plaintiff failed to articulate her
27      argument and meet her burden.

28          Furthermore, the Court rejects plaintiff's argument

1   that the ALJ's analysis was in error because he did not

2   compare plaintiff's impairments to requirements of the

3   listing. Not only was it her burden to undertake such a

4   comparison and present a clear argument, but the Ninth

5   Circuit has held that an ALJ's failure to consider

6   equivalence is not error when the plaintiff did not offer

7   any theory as to how her impairments combined equaled a

8   listing impairment. See Lewis v. Apfel, 236 F.3d 503, 514

9   (9th Cir. 2001); Gonzalez v. Sullivan, 914 F.2d 1197, 1201

10  (9th Cir. 1990) (rejecting the claimant's argument that the

11  ALJ was required to state why claimant failed to satisfy

12  every different section of the listing of impairments); see

13  also Burch v. Barnhart, 400 F.3d 676 at 683 (9th Cir. 2005)

14  (explaining that an ALJ is not required to discuss the

15  combined effects of a claimant's impairments or compare them

16  to any listing in an equivalency determination unless the

17  claimant presents evidence in an effort to establish

18  equivalence)."

19  (2008 WL 2128143 at *5.)

20

21      In Linsky, the plaintiff at least identified a listed impairment.

22  Here, no such identification has been made.

23      Further, Plaintiff makes too much of the decision in Lewis v.

24  Apfel, 236 F.3d 503 (9th Cir. 2001) to support his position.  In Lewis,

25  the appellate court reviewed the ALJ's discussion of the evidence, and

26  found that the claimant's failure to be in compliance with his

27  prescribed medications undermined any possible conclusion that he met

28  the applicable Listing, which required that the claimant be compliant

7

with medications in order to meet the Listing.

What is important in order to establish the adequacy of an administrative decision, and further, to enable the Court to undertake review of that decision, is whether the ALJ undertook an adequate and correct evaluation of the evidence in the record, and if the decision is supported by substantial evidence.

The burden also rests with the claimant to prove that he or she equals a Listing.  See Bowen v. Yuckert, 482 U.S. 137, 146 (1987). Again, Plaintiff has failed to identify any Listings which he assertedly meets, or how a combination of his severe impairments equals the requirements of any particular Listing.  The burden is not on the ALJ to somehow fathom what Listing might be applicable, nor is it the Court's burden to examine the severe impairments identified in the decision and independently determine if any Listing is met or equaled.

Because Plaintiff has failed in his burden of proof, the Court determines that his third issue has no merit.


                                   IV

           **THE ALJ POSED A COMPLETE HYPOTHETICAL QUESTION TO THE VE**

Plaintiff's final issue is that the ALJ's hypothetical question to the VE was inadequate. (See JS at 17, citing AR at 773-774.) Plaintiff primarily argues that the incompleteness of the ALJ's hypothetical is evidenced by his failure to include certain portions of Dr. Parikh's evaluation, as referenced in his first issue. (Id.)

Because the Court has already determined that the ALJ did in fact adopt and incorporate the essential elements of Dr. Parikh's evaluation, the hypothetical question was not inadequate or

incomplete. (See Embry v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988).)

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED: February 13, 2009                    /s/

VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE